IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 08 CR 846 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| JON BURGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Keith Mitchell has petitioned to intervene in the above-captioned case pursuant to Federal Rule of Civil Procedure 24 and seeks transcripts of the grand jury testimony of a former Chicago police officer, Michael McDermott. (Dkt. 434.) Mitchell asserts the grand jury transcripts are necessary to his success in his postconviction proceedings in Illinois state court. For the following reasons, Mitchell's petition is granted and the Office of the United States Attorney for the Northern District of Illinois shall release to Mitchell some, but not all, of the grand jury testimony he seeks. Specifically, the U.S. Attorney's Office shall provide Mitchell with pages 16 through 28 of McDermott's grand jury testimony from September 25, 2008 as it relates to McDermott's interactions with Alfonzo Pinex because it is directly relevant to Mitchell's claim that McDermott has mistreated detainees and perjured himself.

## BACKGROUND

Keith Mitchell was convicted about 20 years ago of murder and aggravated battery, largely on the basis of what he asserts was a coerced confession. Mitchell asserts that in 1992, when he was 15, then-Chicago police detective McDermott questioned him outside of the presence of Mitchell's mother or a lawyer, intimidating and threatening Mitchell into confessing. He further asserts that

McDermott perjured himself at the suppression hearing on the confession when McDermott denied coercing Mitchell into confessing and testified that Mitchell asked to confess outside of his mother's presence.

In May 2012, the Illinois Appellate Court reversed in part the trial court's denial of Mitchell's petition for postconviction relief and granted Mitchell a post-conviction evidentiary hearing on whether Mitchell's confession should have been suppressed. *See People* v. *Mitchell*, 972 N.E. 2d 1153, 2012 IL App (1st) 100907, 362 Ill. Dec. 120 (2012). The circuit court then granted Mitchell permission to subpoena the United States Attorney's Office for this district for documents relating to McDermott's statements or testimony in connection with the above-captioned case, which Mitchell did. The United States Attorney's Office declined to provide Mitchell with McDermott's grand jury transcripts, citing Federal Rule of Criminal Procedure 6(e) and 28 C.F.R. § 16.26. (Dkt. 434, Ex. 2.) Mitchell now seeks to intervene in this case to obtain the grand jury transcripts.

Following the December 18, 2013 hearing (*see* dkt. 436), the court reviewed the transcripts *in camera*. *See Lucas* v. *Turner*, 725 F.2d 1095, 1103-04 (7th Cir. 1984) (district court required to review grand jury testimony to determine relevant portions, if any). A portion of the transcripts deals with McDermott's interactions with an individual named Alfonzo Pinex when Pinex was brought in for questioning at the Area 2 police station, to which McDermott was assigned. The questioning of Pinex is one subject of a report published by special prosecutors assigned to investigate crimes committed by police at the Area 2 station. According to the report, there was "convincing evidence, sufficient to prove guilt beyond a reasonable doubt, that McDermott battered suspects and committed perjury about the suspects' alleged confessions." *See Mitchell*, 972 N.E. 2d at 1163. The report details Pinex's abuse at the Area 2 station. (*See* dkt. 434, Ex. 6 at, *e.g.*, 279 ("McDermott started

to hit Pinex in his ribs [when Pinex was at the police station for questioning] and grabbed his legs so that Pinex could not move.").)

## LEGAL STANDARD

Rule 6(e) provides for grand jury secrecy. Fed. R. Crim. P. 6(e). Title 28 of the Code of Federal Regulations, section 16.26, works in conjunction with Rule 6(e), providing that the Department of Justice will not disclose materials in response to a demand if so disclosing would violate Rule 6(e). 28 C.F.R. § 16.26 (2014). Rule 6(e) allows the court to authorize disclosure of a grand jury matter in connection with a judicial proceeding, but the party seeking disclosure must meet a "deliberately stringent" three-part test to overcome the "distinct interests served by safeguarding the confidentiality of grand jury proceedings." *Matter of Grand Jury Proceedings, Special Sept., 1986*, 942 F.2d 1195, 1198 (7th Cir. 1991). The party seeking disclosure must show that (1) the material he seeks is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) his request is structured to cover only materials so needed. *Douglas Oil Co. of Ca.* v. *Petrol Stops NW*, 441 U.S. 211, 221, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979).

## ANALYSIS

### I. Material needed to avoid possible injustice

Mitchell has demonstrated that to avoid a possible injustice, he needs grand jury materials wherein McDermott either admits to perjury or to physical abuse of a detainee. Having reviewed the grand jury transcripts, the court concludes that the relevant portions have to do with McDermott's interactions with Pinex.

In ruling on Mitchell's appeal, the Illinois Appellate Court specifically pointed to a Special State's Attorney report that includes information about McDermott's acts in the Pinex case (*see* dkt. 434, Ex. 6), and stated that "evidence of McDermott's perjury in similar cases involving alleged confessions" as "significantly shift[ing] the balance of credibility in the contest between McDermott's testimony and [Mitchell and his mother's] testimony about the voluntariness of his statements." *Mitchell*, 972 N.E. 2d at 1164. In fact, the court found "that the new evidence of McDermott's perjury probably would change the result of the motion to suppress [Mitchell's] statements," which would likely have changed the course of the case, given that the state "had no case against [Mitchell] at all" without testimony from prosecution witnesses who said he confessed to the murder. *Id.* Thus, further evidence of McDermott's misdeeds, which would bolster Mitchell's claim that his confession was coerced, is highly relevant and necessary to his success on his petition for postconviction relief.[1]

The government argued generally at the December 18 hearing that Mitchell already has all the evidence he needs about McDermott because he was examined and cross-examined at the trial of Jon Burge the Burge trial (*see* dkt. 396 at 55-209), so any lack of truthfulness or past abuse is already in the public record. The court acknowledges that McDermott was impeached at the Burge trial with his grand jury testimony regarding Pinex, and he did admit some physical contact with Pinex at trial. (*See* dkt. 434, Ex. 4 at 26-35.) The court also acknowledges that the report by the

---

[1] As Mitchell notes, the Illinois Rules of Evidence do not apply to postconviction hearings, *see* Ill. R. Evid. 1101(b)(3), and a court hearing a petition for postconviction relief may receive proof "by affidavits, depositions, oral testimony, or other evidence." 725 Ill. Comp. Stat. 5/122-6. Moreover, the Illinois Supreme Court has stated that "hearsay evidence is admissible during a motion to suppress." *People* v. *Patterson*, 735 N.E. 2d 616, 628, 192 Ill. 2d 93, 249 Ill. Dec. 12 (2000).

special prosecutor who was appointed and ordered to investigate arrests, including Pinex's, points to McDermott's misdeeds. (*See id.*, Ex. 6.) Regardless, having reviewed the grand jury transcripts *in camera*, the court finds that McDermott's grand jury admissions go beyond information presented at the Burge trial and in the special prosecutor's report. The court thus disagrees with the government's argument that Mitchell already has all the information he needs in the public record.

Mitchell also argues that he needs McDermott's grand jury testimony to assure the reliability of the grand jury witness's testimony if McDermott testifies at Mitchell's evidentiary hearing. The Seventh Circuit has explained that this is a proper use for grand jury testimony. *See Lucas*, 725 F.2d at 1104. Mitchell has shown here that this is a highly relevant consideration, especially in light of the fact that McDermott has previously perjured himself and even gave testimony at the Burge trial that was inconsistent with his grand jury testimony. (*See generally* dkt. 434, Ex. 4.)

As Mitchell points out, the Seventh Circuit has also noted that grand jury testimony may be used to refresh a witness's recollection. *Lucas*, 725 F.2d at 1105; *see also Williams* v. *O'Meara*, No. 82 C 278, 1987 WL 10305, at *2 (N.D. Ill. Apr. 30, 1987) (affirming magistrate judge's decision to release grand jury testimony where witness indicated during deposition he could not remember something but that his grand jury testimony could help jog his memory). Given that the events in question here occurred roughly two decades ago and McDermott gave his grand jury testimony over five years ago, it is reasonable to conclude that McDermott might need to rely on grand jury testimony to refresh his memory.

Additionally, it is possible that McDermott will refuse to cooperate or will invoke his Fifth Amendment rights not to testify. In the case of a hostile or uncooperative witness, grand jury testimony is "properly discoverable." *Williams*, 1987 WL 10305, at *2. Moreover, this testimony

may help Mitchell to impeach McDermott if he does choose to testify. McDermott demonstrated at the Burge trial that he is wont to give inconsistent answers to similar questions. Having the grand jury testimony will help to reduce this risk.

**II.     Whether the need for disclosure is greater than the need for continued secrecy**

At the hearing in December, the government argued that even though more than five years have passed since McDermott's grand jury testimony and the Burge case has concluded, secrecy is still an important consideration. The court must balance Mitchell's need for the grand jury testimony against the "need for continued secrecy." *Lucas*, 725 F.2d at 1106 (citing *Douglas Oil*, 441 U.S. at 222). Among the reasons for grand jury secrecy are to ensure "that prospective witnesses come forward voluntarily; that one who testifies before a grand jury does not fear reprisal, and, therefore, testifies 'fully and frankly'; that the indicted does not flee (because he is not aware of the indictment) or 'try to influence individual grand jurors to vote against he indictment'; and that individuals exonerated by the grand jury are not publicly ridiculed." *West* v. *United States*, No. 08 CR 669, 2010 WL 1408926, at *3 (N.D. Ill. Apr. 5, 2010) (quoting *United States* v. *Sells Eng'g, Inc.*, 463 U.S. 418, 424, 103 S. Ct. 3133, 77 L. Ed. 2d 743 (1983)). Moreover, "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *United States* v. *Proctor & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).

Where the "secrecy considerations are less relevant, the burden on [the moving party] is not as strong." *West*, 2010 WL 1408926, at *5 (citing *Douglas Oil*, 441 U.S. at 223). The need for grand jury secrecy is diminished once the grand jury has fulfilled its duties or when the criminal case is concluded. *See, e.g., United States* v. *Calabrese*, No. 06 CR 239, 2010 WL 3613973, at *5 (N.D.

Ill. Sept. 8, 2010); *In re Petition of Moore*, No. 80 C 450, 1985 WL 2357, at *3 (N.D. Ill. Aug. 20, 1985). Even as secrecy considerations lessen, however, "the requirement that [the petitioner] show that the materials are necessary to avoid injustice is only diminished; it is not abrogated altogether." *Hernly* v. *United States*, 832 F.2d 980, 985 (7th Cir. 1987); *see also Lucas*, 725 F.2d at 1107.

The need for secrecy here does not outweigh the injustice that would result from denying Mitchell the transcript excerpt. The Burge trial has concluded; Burge was sentenced in January 2011 (*see* dkt. 362), the Seventh Circuit affirmed his conviction, and the Supreme Court denied his petition for a writ of *certiorari*. *See United States* v. *Burge*, 711 F.3d 803 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 315 (2013). The United States Attorney has already petitioned for grand jury material to be released to third parties in this case, and the court has granted those petitions. (*See* dkts. 376, 383, 409, 414.) For these reasons, and because Mitchell has demonstrated substantial need for the grand jury material, the court finds that the secrecy interests do not outweigh the need for disclosure.

### III. Structuring of the request

Mitchell's request is limited to two grand jury sessions and the court's order winnows that down to thirteen pages of transcript from one session. In other words, this is no "general fishing expedition into the grand jury proceedings." *United States* v. *Balogun*, 971 F. Supp. 1215, 1232 (N.D. Ill. 1997) (denying request for testimony of witnesses appearing before grand jury, transcripts of all statements made to grand jury by prosecutors, record of votes cast by members of grand jury, and all documents submitted to grand jury). Mitchell presents compelling reasons for this request, as discussed above.

7

Moreover, the court has reviewed these transcripts *in camera* and has determined which portions are relevant to Mitchell's argument that McDermott's pattern of mistreating individuals in custody, namely, portions that have to do with McDermott's treatment of Pinex. This further cabins the disclosures to be made to Mitchell and ensures he will only receive materials for which there is a "compelling necessity." *Procter & Gamble*, 356 U.S. at 682.

Finally, the court appreciates the government's argument that granting Mitchell's request could potentially open the floodgates to other grand jury material request. Though the government's institutional concern is well-taken, administrative convenience cannot prevail over Mitchell's compelling arguments for release of the grand jury testimony.

**ORDER**

For the foregoing reasons, Mitchell's petition to intervene (dkt. 434) is granted and Mitchell shall receive a portion of the grand jury materials he seeks. The United States Attorney is directed to provide Mitchell's attorney, by January 31, 2014, with pages 16 through and including 28 of McDermott's grand jury testimony from September 25, 2008.[2] The materials shall be for attorney's eyes only until January 25, 2014 to permit the government to submit a proposed protective order.

Date: January 17, 2014

*Joan N. Lefkow*
U.S. District Judge Joan H. Lefkow

---

[2] Having determined that Mitchell is entitled to this portion of the grand jury transcripts, the court does not reach Mitchell's additional argument that the U.S. Attorney's denial of his request was arbitrary and capricious pursuant to the Administrative Procedures Act.